McKEAGUE, Circuit Judge,
dissenting.
The majority concludes that plaintiffs established a causal nexus between Richardson’s alleged wrongful acts and the plaintiffs termination. But in University of Texas Southwestern Medical Center v. Nassar, — U.S. -, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013), the Supreme Court held that “Title VII retaliation claims must be proved according to traditional principles of but-for causation.” A plaintiff must prove “that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.” Id. If the wrongful actions were merely a motivating factor in the termination decision, a plaintiffs Title VII retaliation claim will fail as a matter of law. Id.
Carrying this standard over to the present cat’s paw scenario, plaintiffs were required to show that Richardson’s wrongful actions were the but-for cause of their termination. The majority contends that “that there is no evidence that the Warden conducted any independent investigation before terminating Bishop and Henry.” Ante at 697. True, there is no direct evidence that an investigation occurred. However, the only inference I can draw from the other evidence suggests that an independent investigation occurred. The Warden and the major both testified that the Warden’s usual practice in deciding whether to terminate a probationary officer was to consult with the major, a deputy *700 warden, and labor relations officer, who would provide their input before she made her final decision. On this record, even if the poor evaluations triggered the Warden’s scrutiny of plaintiffs, the Warden’s independent review of plaintiffs’ employment records and consultation with unbiased supervisors ensured that plaintiffs’ terminations were “entirely justified” apart from Richardson’s reviews. The Warden’s testimony is evidence that she engaged in an independent investigation, evidence plaintiffs have failed to rebut.
The evidence thus suggests that the Warden followed her customary practice of engaging in an independent investigation and that Richardson’s wrongful actions were not the but-for cause of plaintiffs’ termination; instead, the Warden’s independent investigation was.[1] And even if Lieutenant Richardson was involved in the Warden’s investigation leading to Bishop and Henry’s termination, Richardson’s involvement would have been simply a motivating factor in the total review conducted by the Warden; it would not have been a but-for cause of the termination. With nothing to contradict the Warden’s testimony, I disagree with the majority that there was sufficient evidence from which a reasonable factfinder could conclude that Richardson’s wrongful actions were the but-for cause of plaintiffs’ termination. I therefore dissent.